NO. 07-03-0346-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 7, 2005


 ______________________________



VERNON R. YOUNG, JR., APPELLANT



V.



LEWIS QUALLS, APPELLEE


_________________________________



FROM THE 217TH DISTRICT COURT OF ANGELINA COUNTY;



NO. 31,681-98-12; HONORABLE DAVID WILSON, JUDGE


_______________________________



Before REAVIS and CAMPBELL, JJ. (1)

ORDER ON REMITTITUR


 Lewis Qualls has filed a remittitur of $87,784.50, conforming to the suggestion in our
opinion of September 16, 2005. Accordingly, that portion of the trial court judgment
providing that Lewis Qualls recover from Vernon R. Young, Jr. the principal amount of
$142,550.00 is reformed to provide that Lewis Qualls recover from Vernon R. Young, Jr.
the principal amount of Fifty-Four Thousand, Seven Hundred Fifty-One and 50/100 dollars
($54,751.50), and that portion of the trial court judgment providing prejudgment interest is
reformed to provide for prejudgment interest on the principal amount through April 14, 2003
of Twenty-Three Thousand, Five Hundred Five and 64/100 dollars ($23,505.64). Except
as reformed herein, the trial court judgment is affirmed. 


 James T. Campbell

 Justice 









 
1. Former Chief Justice Phil Johnson was on the panel that heard oral argument. He
did not participate in the decision. Tex. R. App. P. 41.1(b).



iminal Justice. We have received non-certified copies of appellant's judgment and
sentence in the case in which he was convicted and non-certified copies of dismissals in
two other cases which may have been the result of a plea bargain agreement. 

 We have not received a clerk's or reporter's record in these matters, nor has any
brief been filed. We note that on the same day and time that appellant filed his notice of
appeal, he also filed a letter indicating that he wished to cancel "the request for an appeal." 
Because we have no record, we are unable to determine the current status of the
purported appeal. However, since it appears that a notice of appeal was filed, this state
of affairs requires us to abate the appeals to the trial court for a hearing as provided by
Texas Rule of Appellate Procedure 38.8 (b). Accordingly, the appeals are abated and the
causes remanded to the 64th District Court of Swisher County.

 Upon remand, the judge of the trial court shall immediately cause notice to be given
of, and conduct, a hearing to determine:

 1. Whether appellant has abandoned his appeals.

 2. Whether appellant is presently indigent, and if so, whether counsel
should be appointed to represent him. If it be determined that an attorney
should be appointed, the name, address, and State Bar of Texas
identification number of the attorney appointed.


 3. If appellant is not indigent, what steps need to be taken to ensure that
appellant will promptly obtain the services of an attorney to pursue the
appeal.

 

 4. Whether appellant has been deprived of diligent appeals by ineffective
assistance of counsel or for any other reason.


 5. If appellant is indigent, what steps need to be taken to ensure that a reporter's
record and clerk's record are available to appellant.

 

 6. If any other orders are necessary to ensure the proper and timely pursuit of
appellant's appeals. 


 In support of its determinations, the trial court will prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. The supplemental clerk's record and reporter's record shall be
submitted to the clerk of this court no later than January 25, 2000.

 It is so ordered. 

 Per Curiam

Do not publish.